IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEGALFORCE, INC., <br>     Plaintiff, <br> v. <br> LEGALZOOM.COM, INC., <br>     Defendant. | Case No. 18-cv-07274-MMC <br><br> **ORDER DENYING DEFENDANT'S MOTION FOR AWARD OF FEES AND FOR STAY** <br><br> Re: Dkt. No. 37 |

Before the Court is defendant LegalZoom.com, Inc.'s ("LegalZoom") "Motion for an Award of Fees and for a Stay," filed December 11, 2018. Plaintiff LegalForce, Inc. ("Trademarkia")[1] has filed opposition, to which LegalZoom has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court hereby rules as follows.[2]

LegalZoom seeks, pursuant to Rule 41(d) of the Federal Rules of Civil Procedure, an award of fees for work performed in an earlier-filed action, and, pursuant either to 28 U.S.C. § 1927 or the Court's inherent power, an award of fees for work performed in the instant action. The Court considers the requests in turn.

**A. Fees Incurred in Prior Action**

Pursuant to Rule 41(d), LegalZoom seeks an award of fees it incurred in Civil Case No. 17-7194 MMC ("First Action"), as well as an order staying the above-titled case until Trademarkia has paid any such award.

---

[1] Plaintiff, both in its complaint and its opposition to the instant motion, refers to itself as "Trademarkia," a mark it states it uses to conduct business.

[2] By order filed February 25, 2019, the Court took the matter under submission.

Rule 41(d) provides as follows:

> If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:
>
> (1) may order the plaintiff to pay all or part of the costs of that previous action; and
>
> (2) may stay the proceedings until the plaintiff has complied.

See Fed. R. Civ. P. 41(d).

Here, the First Action asserted claims by Trademarkia against LegalZoom, which claims were voluntarily dismissed by Trademarkia. In particular, in the Second Amended Complaint filed in that action ("SAC"), the pleading Trademarkia voluntarily dismissed, Trademarkia alleged, inter alia, that LegalZoom, in 2012, "purchased the abandoned domain name LegalZoomTrademarkia.com," and, in 2014, "began diverting traffic from LegalZoomTrademarkia.com to its website LegalZoom.com" (see SAC, Case No. 17-7194, ¶ 12), which conduct allegedly caused Trademarkia to experience a decline in "sales" and "market share," as well as a loss of "goodwill" (see id. ¶ 51). In the complaint filed in the instant action, Trademarkia makes the same allegations regarding LegalZoom's alleged purchase and use of LegalZoomTrademarkia.com. (See Compl. ¶¶ 19, 23, 45, 66.)

In the First Action, Trademarkia alleged the above-referenced conduct was in violation of the Lanham Act's prohibition of "false or misleading advertising" (see SAC, Case No. 17-7194, ¶ 47); see also 15 U.S.C. § 1125(a)(2) (prohibiting false statements in "commercial advertising" about "goods, services, or commercial activities"). In the instant action, Trademarkia alleges the above-referenced conduct is in violation of the Lanham Act's prohibition of "any false or misleading description or representation . . . made in connection with any goods or services" (see Compl. ¶ 63); see also 15 U.S.C. § 1125(a)(1) (prohibiting statements "likely to cause confusion, or to cause mistake, or to deceive as to . . . origin, sponsorship, or approval of his goods, services, or commercial activities"). In sum, although, as noted, the two actions rely on different provisions of the

Lanham Act, they both include a Lanham Act claim based on essentially the same allegations. The Court thus finds the instant action includes at least one cause of action that is "based on . . . the same claim" asserted in the First Action. See Fed. R. Civ. P. 41(d); see also Melamed v. Blue Cross, 557 Fed. Appx. 659, 661-62 (9th Cir. 2014) (holding, for purpose of Rule 41(a),[3] new action is "based on or including the same claim," where it includes a claim arising out of "same transactional nucleus of facts" as claim alleged in prior action). Consequently, the Court has discretion to award LegalZoom at least some portion of the costs it incurred in the First Action. See Fed. R. Civ. P. 41(d)(1).

LegalZoom does not, however, seek recovery of any of its taxable costs, see 28 U.S.C. § 1920, but, rather, seeks recovery of attorney's fees it incurred for certain work performed. As the parties acknowledge, the issue of whether a court may award fees under Rule 41(d)(1) has not been addressed by the Ninth Circuit. Where other Circuits have addressed the issue, those courts have reached the following differing conclusions: (1) "attorneys' fees may always be awarded"; (2) "attorneys' fees may never be awarded"; or (3) "attorneys' fees may be awarded . . . only where the underlying substantive statute defines 'costs' to include attorneys' fees." See Garza v. Citigroup, Inc., 881 F.3d 277, 281 (3rd Cir. 2018) (collecting cases and summarizing holdings therein).

The Court, having reviewed the decisions of the Circuits that have reached the issue, finds most persuasive the Eleventh Circuit's decision in Esposito v. Piatrowski, 223 F.3d 497 (7th Cir. 2000).[4] As explained in Esposito, "[f]ederal courts adhere to the 'American Rule,' which recognizes that attorney's fees are not generally a recoverable

---

[3]Pursuant to Rule 41(a), a voluntary dismissal acts as an adjudication on the merits where the plaintiff previously has dismissed an action "based on or including the same claim." See Fed. R. Civ. P 41(a)(1)(B).

[4]The Eleventh Circuit's reasoning has been adopted by the Third Circuit, see Garza, 881 F.3d at 282-84, and the Fourth Circuit, see Andrews v. America's Living Centers, LLC, 827 F.3d 306, 310-311 (4th Cir. 2016).

3

cost of litigation." See Esposito, 223 F.3d at 500. Although, as Esposito further observed, an exception to the American Rule exists where "the underlying statute defines costs to include attorney's fees," see id. (internal quotation and citation omitted), the Supreme Court, in Marek v. Chesny, 473 U.S. 1 (1985), after noting such exception, found the term "costs," for purposes of Rule 68,[5] includes attorney's fees only where "the underlying substantive statute" provides that "a party may recover attorney's fees as part of the costs," see id. at 501 (citing Marek, 473 U.S. at 9). As Rule 41(d), like Rule 68, does not define "costs," the Eleventh Circuit, consistent with the reasoning in Marek, found "costs," for purposes of Rule 41(d), likewise includes fees "only where the underlying statute so provides." See id. at 501.

Here, the underlying statute in the First Action was the Lanham Act, specifically, 15 U.S.C. § 1125(a). In actions brought under § 1125(a), a "court in exceptional cases may award reasonable attorney fees to the prevailing party." See 15 U.S.C. § 1117(a). An "exceptional" case is one that "stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." See SunEarth, Inc. v. Sun Earth Solar Power Co., 839 F.3d 1179, 1180 (2016) (internal quotation and citation omitted). LegalZoom does not, however, assert that the Lanham Act claim alleged in the First Action was "exceptional" within the meaning of § 1117(a), let alone meet its burden to show, by a preponderance of the evidence, that said claim was in fact exceptional. See id. at 1181 (holding "preponderance of the evidence" standard applies to party seeking fees under § 1117(a)); EOS GMBH Electro Optical Systems v. DTM Corp., 2002 WL 34536678, at *4-5 (C.D. Cal. March 18, 2002) (holding defendant not entitled to fees under Rule 41(d), where underlying statute in prior case allowed fees only if case was "exceptional," and defendant failed to show prior case was "exceptional");

---

[5]Pursuant to Rule 68, where an offer of judgment is not accepted and the judgment the offeree obtains is not more favorable, the offeree "must pay the costs incurred after the offer was made." See Fed. R. Civ. P. 68(d).

1 see also, Garza, 881 F.3d at 283 n.6 (noting, where underlying statute provides prevailing defendant entitled to fees only when action is "frivolous, unreasonable, or groundless," defendant seeking fees under Rule 41(d) must show prior action was "frivolous, unreasonable, or groundless").

Accordingly, as LegalZoom has not shown it is entitled to fees under § 1117(a) and does not seek to recover taxable costs incurred in the First Action, LegalZoom is not entitled to an award under Rule 41(d).

**B. Fees Incurred in Instant Action**

**1. 28 U.S.C. § 1927**

Citing 28 U.S.C. § 1927, LegalZoom seeks an award of fees it incurred as a result of Trademarkia's filing the instant action.

Under § 1927, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "Because [§ 1927] authorizes sanctions only for the multiplication of proceedings, it applies only to unnecessary filings and tactics once a lawsuit has begun." In re Keegan Management Co., 78 F.3d 431, 435 (9th Cir. 1996) (internal quotation, alteration and citation omitted).

Here, LegalZoom argues that Trademarkia's counsel should be sanctioned under § 1927 for filing the instant action in the Central District of California, which filing, according to LegalZoom, required it to file a motion to transfer.[6] In short, the conduct on which LegalZoom relies is the filing of the complaint. Section 1927, however, "cannot be applied to an initial pleading." See id.

Accordingly, LegalZoom has not shown it is entitled to sanctions under § 1927.

//

---

[6]By order filed November 27, 2018, the Central District granted LegalZoom's motion to transfer the instant action to this District.

5

**2. Inherent Power**

In the alternative, LegalZoom contends the Court should impose sanctions under its inherent power.

Although, as discussed above, a court may not impose sanctions under § 1927 for the filing of an initial pleading, a court may do so under its "inherent power." See id. To support an order imposing such sanctions, however, the court must make "a specific finding of bad faith." See id. at 436. Here, LegalZoom contends bad faith is established by Trademarkia's having engaged in forum-shopping when it initially filed the instant action in the Central District.

The Federal Rules allow a plaintiff to voluntarily dismiss an action without prejudice, see Fed. R. Civ. P. 41(a)(1), and, consequently, contemplate that such an action may be refiled at a later date. The Central District, as the district in which LegalZoom resides and arguably made decisions with respect to its use of LegalZoomTrademarkia.com, was at least one logical venue for the determination of Trademarkia's claims. Although the Central District agreed with LegalZoom that the instant action should be transferred to the Northern District, the Court does not find Trademarkia's decision to initially file in the Central District rises to the level of bad faith.

Accordingly, LegalZoom has not shown it is entitled to sanctions under the Court's inherent power.

**CONCLUSION**

For the reasons stated above, LegalZoom's motion is hereby DENIED.

**IT IS SO ORDERED.**

Dated: March 13, 2019

MAXINE M. CHESNEY
United States District Judge