IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEGALFORCE, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>LEGALZOOM.COM, INC.,<br><br>    Defendant. | Case No. 18-cv-07274-MMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DISMISSING COMPLAINT WITH LEAVE TO AMEND; CONTINUING CASE MANAGEMENT CONFERENCE**<br><br>Re: Dkt. No. 38 |

Before the Court is defendant LegalZoom.com, Inc.'s ("LegalZoom") motion, filed December 11, 2018, to dismiss plaintiff's complaint. Plaintiff LegalForce, Inc. ("Trademarkia")[1] has filed opposition, to which LegalZoom has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[2]

**BACKGROUND**

Trademarkia alleges it operates Trademarkia.com, a website on which it offers "trademark watch and monitoring services," that it has registered the mark "Trademarkia," and that is in the process of registering the mark "LegalForceTrademarkia." (See Compl. ¶¶ 3, 8, 26.) Trademarkia further alleges that LegalZoom operates the website LegalZoom.com on which it also offers "trademark watch and monitoring services," as well as other services not offered by Trademarkia.

---

[1] Plaintiff, both in its complaint and its opposition to the instant motion, refers to itself as "Trademarkia," a mark it states it uses to conduct business.

[2] By order filed February 25, 2019, the Court took the matter under submission.

(See Compl. ¶ 3.) According to Trademarkia, LegalZoom purchased the domain name "LegalZoomTrademarkia.com" in 2012 and starting using it in April 2014, at which time it "began diverting traffic from LegalZoomTrademarkia.com to its website LegalZoom.com" (see Compl. ¶ 23), which it continued to do until it was "caught" in April 2018 (see Compl. ¶ 23).[3]

Based on the above allegations, Trademarkia asserts four causes of action, specifically, a First Claim for Relief, titled "Trademark Infringement[;] 15 U.S.C. § 1114," a Second Claim for Relief, titled "Trademark Infringement[;] 15 U.S.C. § 1125(a)," a Third Claim for Relief, titled "Cyberpiracy in Violation of 15 U.S.C. § 1125(d)(1)," and a Fourth Claim for Relief, titled "Trademark Infringement[;] California Common Law."

**DISCUSSION**

LegalZoom contends Trademarkia's claims are subject to dismissal for lack of standing, in that, according to LegalZoom, Trademarkia has not adequately alleged it has been injured by LegalZoom's use of the domain name LegalZoomTrademarkia.com.

A plaintiff has standing "only when the plaintiff himself has suffered some threatened or actual injury resulting from the putatively illegal action." See Warth v. Seldin, 422 U.S. 490, 499 (1975) (internal quotation and citation omitted). Allegations that a plaintiff has, as a result of a competitor's actions, suffered lost sales and damage to its business reputation suffice to "give it standing under Article III" to challenge such competitor's actions. See Lexmark Int'l, Inc. v. Static Control Components, Inc., 572 U.S. 118, 125 (2014) (finding "lost sales" and "damage to . . . business reputation" sufficient to plead standing for Lanham Act claims). In determining whether a plaintiff has sufficiently alleged standing, however, a court does not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." See Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003) (internal quotation and

---

[3]Trademarkia alleges it first discovered the "infringing use" in April 2018, "when counsel stumbled upon it through complex forensics analysis of LegalZoom's activities when researching [claims asserted in another case]." (See Compl. ¶ 44.)

2

citation omitted).

Here, Trademarkia alleges that, as a result of LegalZoom's "infringing conduct," it has "suffered lost revenue and market share, reduced asset value[,] and increased advertising costs" (see Compl. ¶ 19), as well as damage to its "business, reputation, and goodwill" (see Compl. ¶ 66). As LegalZoom points out, such allegations are conclusory in nature.

In its opposition, Trademarkia relies on the following factual allegation to provide the necessary factual support: "Trademarkia's independent revenue for trademark watch and monitoring services has dropped from the high of approximately $1,545,775.00 in 2012[,] when it was growing at a compounded annual growth rate of over 30%, down to just $455.016.00 in 2017." (See Compl. ¶ 19.) As noted, however, Trademarkia alleges LegalZoom did not use the domain name LegalZoomTrademarkia.com until April 2014 (see Compl. ¶ 23), and, consequently, Trademarkia's losses from 2012 through March 2014 cannot be the result of such use. Although, as Trademarkia notes, the allegation on which it relies includes a time period during which LegalZoom assertedly was using the challenged domain name, Trademarkia has failed to allege any facts to support a finding that whatever loss of revenue it experienced beginning in April 2014 was the result of LegalZoom's use of the challenged domain name, as opposed to the cause or causes for the losses it allegedly experienced prior to that time.

Accordingly, Trademarkia's allegations fail to sufficiently plead injury. See Ashcraft v. Iqbal, 556 U.S. 662, 680 (2009) (holding factual allegations that fail to "nudge[ ] [a claim] across the line from conceivable to plausible" insufficient to support claim) (internal quotation and citation omitted).[4]

The Court will, however, afford Trademarkia leave to amend to add, if it can do so, "particularized allegations of fact deemed supportive of [its] standing." See Warth, 422

---

[4] In light of this finding, the Court does not consider herein LegalZoom's additional arguments in support of dismissal.

3

U.S. at 501 (holding, where defendant successfully challenges plaintiff's standing at pleading stage, district courts ordinarily should afford plaintiff leave to amend).

**CONCLUSION**

For the reasons stated above, LegalZoom's motion to dismiss is hereby GRANTED, and the complaint is hereby DISMISSED, with leave to amend.[5] Any such amended complaint shall be filed no later than April 5, 2019.

Lastly, in light of the dismissal of the complaint, the Case Management Conference is hereby CONTINUED from March 22, 2019, to June 14, 2019, at 10:30 a.m. A Joint Case Management Statement shall be filed no later than June 7, 2019.

**IT IS SO ORDERED.**

Dated: March 13, 2019

MAXINE M. CHESNEY
United States District Judge

---

[5] In so amending, Trademarkia is not limited to adding factual allegations to support a finding that it has been injured; it may add any other factual allegations it believes support its existing claims and/or amend existing allegations. (See, e.g., Pl.'s Opp. at 12:3-9 (identifying typographical error in complaint); id. at 14:28–15:1 (clarifying reason for allegations in two challenged paragraphs).)

4